THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Shenzhen Mengdan Technology Co., Ltd., a Chinese Limited Liability Company,<br><br>Plaintiff,<br>v.<br><br>RVLock & Co, LLC, a Utah Limited Liability Company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING RVLOCK & CO, LLC'S SHORT FORM MOTION TO COMPEL PLAINTIFF AND COUNTERCLAIM DEFENDANT SHENZHEN MENGDAN TECHNOLOGY CO., LTD.'S RESPONSES TO RVLOCK & CO, LLC'S DISCOVERY REQUESTS |
| RVLock & Co, LLC, a Utah Limited Liability Company,<br><br>Counterclaimant,<br>v.<br><br>Shenzhen Mengdan Technology Co., Ltd., a Chinese Limited Liability Company, Shenzhen Hanmai Technology Co., Ltd., a Chinese Limited Liability Company; Hanmai Tech. Co., Limited, a Hong Kong Limited Liability Company; and Dongguanshichenchendianzikejiyouxiangongsi, a Chinese Limited Liability Company,<br><br>Counterclaim Defendants. | Case No. 1:24-cv-00062-HCN-DBP<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Counterclaimant and Defendant RVLock & Co. LLC's

Motion to Compel Plaintiff and Counterclaim Defendant Shenzhen Mengdan Technology Co.

Ltd's (Mengdan) responses to its discovery requests.[1] As set forth herein, the court will grant the motion.

Plaintiff filed this lawsuit seeking a declaratory judgment of non-infringement of the Patent-in-Suit, and declaratory judgment of invalidity of the Patent-in-Suit.[2] The Patent at issue is entitled "Touch Pad Lock Assembly" and was issued July 21, 2015.[3] RVLock sent Mengdan a letter claiming unlawful use of its patented technology in Mengdan's "ONNAIS RV Door Lock"[4] and this suit followed.

RVLock served its Motion to Compel on January 30, 2025.[5] The parties then engaged in a meet and confer along further discussions regarding the discovery requests. On February 10, 2025, Mengdan served supplemental interrogatory responses. RVLock then inquired about Mengdan providing documents, to which, Mengdan responded that "all documents had been produced to Request No. 13, but did not address … the remainder of the document requests."[6]

On April 1, 2025, following the 30(b)(6) deposition of Mengdan, RVLock again inquired about the document issues and the lack of any response. As noted by RVLock in the Notice to Submit filed on April 23, 2025 with the court, "[t]o date, Mengdan has not produced additional documents, responded to RVLock regarding the document issues, or filed a response with the court."[7]

---

[1] ECF No. 29. Judge Howard Nielson, Jr referred this case tot eh undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 6.

[2] Complaint at 2, ECF No. 2.

[3] U.S. Patent No. 9,085,919 (the '919 Patent).

[4] Complaint at 3.

[5] ECF No. 29.

[6] Request to Submit at 2-3.

[7] *Id.* at 3.

Local Rule 7-1(f) provides that a "failure to respond timely to a motion may result in the court granting the motion without further notice."[8] Further, at this stage of the case, Federal Rule 26(b) provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, …."[9]

In reviewing the communications from RVLock, the concern with production centers on "the document issues addressed in the motion to compel (production of emails/communications and RFP 13)".[10] Mengdan informed RVLock that "all documents had been produced to Request No. 13 …."[11] Thus, what appears to be missing are the production of emails/communications. Given that Mengdan has not responded to RVLock's Motion and the time to do so has passed, the court ORDERS Mengdan to provide responses to RVLock's request regarding emails and communications. In addition, to the extent that there are other documents and things related to "'Mengdan's revenues, earnings, or profits … earned' as they relate to the Accused Products"[12] that have not already been produced, Mengdan is ORDERED to produce them pursuant to RVLock's discovery request. The parties are reminded that the court's standard protective order helps protect the confidential nature of these type of documents and information.

Accordingly, RVLock's Motion to Compel is GRANTED. Mengdan is to provide the ordered documents and information within thirty (30) days of the court's order.

IT IS SO ORDERED.

---

[8] DUCivR 7-1(f) (2024).

[9] Fed. R. Civ. P. 26(B)(1).

[10] ECF No. 32-4.

[11] Request to Submit at 2-3.

[12] Motion at 3.

DATED this 25 April 2025.

_____
Dustin B. Pead
United States Magistrate Judge