THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Shenzhen Mengdan Technology Co., Ltd., a Chinese Limited Liability Company,<br><br>                        Plaintiff,<br>v.<br><br>RVLock & Co, LLC, a Utah Limited Liability Company,<br><br>                        Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 1:24-cv-00062-HCN-DBP<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |
| RVLock & Co, LLC, a Utah Limited Liability Company,<br><br>                    Counterclaimant,<br><br>v.<br><br>Shenzhen Mengdan Technology Co., Ltd., a Chinese Limited Liability Company, Shenzhen Hanmai Technology Co., Ltd., a Chinese Limited Liability Company; Hanmai Tech. Co., Limited, a Hong Kong Limited Liability Company; and Dongguanshichenchendianzikejiyouxiangongsi, a Chinese Limited Liability Company,<br><br>                    Counterclaim Defendants. | |

This matter is before the court on Counterclaimant and Defendant RVLock & Co. LLC's

Motion to Compel Plaintiff and Counterclaim Defendant Shenzhen Mengdan Technology Co.

Ltd's (Mengdan) responses to its discovery requests.[1] As set forth herein, the court will deny the motion.

## BACKGROUND

Plaintiff filed this lawsuit seeking a declaratory judgment of non-infringement of the Patent-in-Suit, and declaratory judgment of invalidity of the Patent-in-Suit.[2] The Patent at issue is entitled "Touch Pad Lock Assembly" and was issued July 21, 2015.[3] RVLock sent Mengdan a letter claiming unlawful use of its patented technology in Mengdan's "ONNAIS RV Door Lock"[4] and this suit followed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[5]

Courts broadly construe relevance, however, all discovery is subject to the proportionality limitation of Rule 26. Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, there are limits. For example, a "party need not provide discovery of electronically stored information from sources that the party identifies

---

[1] ECF No. 45. Judge Howard Nielson, Jr referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 6.

[2] Complaint at 2, ECF No. 2.

[3] U.S. Patent No. 9,085,919 (the '919 Patent).

[4] Complaint at 3.

[5] Fed. R. Civ. P. 36(b)(1).

as not reasonably accessible because of undue burden or cost."[6] The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"[7]

## ANALYSIS

RVLock seeks additional responses on the following fronts. First, RVLock notes that during depositions, Defendants admitted that their responses to Request for Admission (RFA) 1-10 were deficient and needed amending. RVLock avers no amended responses have been served. Although this may have been the case when RVLock filed its Motion, in response, Defendants provide they have supplemented their responses to RFAs and rather than awaiting those supplemental response, RVLock "opted instead to file its motion."[8] Based on Defendants' representation, there is nothing more to order as to RFA 1-10.

Next, RVLock provides RFPs 11 and 13 request documents relating to revenues, earnings, and profits earned from the Accused Products.[9] Once again, according to RVLock, Defendants testified to the existence of documents relevant to these RFPs, but they have not been produced. Defendants respond, alleging they have "already produced sales records and documents relating to revenues, earnings, and profits generated from the Accused Products, as

---

[6] Fed. R. Civ. P. 26(b)(2)(B).

[7] Fed. R. Civ. P. 26(c)(1).

[8] Opposition to RVLock & Co LLC's Short Form Motion to Compel Financial Account Information at 1, ECF No. 55.

[9] Request for Production No. 11 states: "For each Accused Product, Documents sufficient to show or calculate gross, net, and incremental profit associated with each sale of the product since 2012, including summaries of costs and expenses." RVLock & Co. LLC's First Set of Requests for Production at 12, ECF No. 45-4. Request for Production No. 13 seeks: "All Documents and Things concerning Shenzhen Hanmai's revenues, earnings, or profits (whether projected, realized, disbursed, or retained) earned, or to be earned in connection with making, using, selling, or offering for use or sale of each Accused Product since 2012, including, without limitation, annual reports, financial statements, income statements, balance sheets, budgets, projections, business plans, marketing plans, pro formas, and the like." *Id.* at 13.

requested by RVLock."[10] These documents "directly address the core financial aspects of the alleged patent infringement" and Defendants resist producing more expansive financial information.[11] Defendants rely on three cases from outside this circuit where courts denied requests for broad financial data.[12] Although none of these cases are binding precedent, they do provide persuasive reasoning, to wit, in some cases broad financial company information is not proportional to the needs of the case, or premature. That reasoning applies equally here. RVLock's requests for payments between Defendants, bank account statements, and other "high-level financial documents for multiple entities" is overbroad, not proportional to the needs of the case, and at best currently premature. Certainly, RVLock is entitled to financial information regarding the Accused Products, however, much of RVLock's requested information goes beyond this.

Finally, RVLock complains about a lack of production for "bills of lading." Defendants note those records are in the possession of a third-party service provider in China. Defendants are seeking to obtain this information, but it is taking more time than expected. The court finds there is nothing to compel here as Defendants are actively seeking to comply with their discovery obligations.

## ORDER

For the reasoning set forth above,

---

[10] *Id.* at 2.

[11] *Id.* at 2.

[12] *See Woodway v. LifeCORE*, 2024 WL 890547, at *5–*6 (S.D. Cal. Feb. 29, 2024) (denying request for "companywide profit and loss statements" because the party failed to show "that the information is relevant and proportional to the needs of the case"); *Willis v. Polygroup*, 2021 WL 568454, at *9 (D. Minn. Feb. 16, 2021) (denying motion to compel finding that the "group-level and company-wide financial statements are not relevant"). *Innovation v. Amazon.com,* 2020 WL 3288082, at *3–4 (E.D. Tex. June 18, 2020) (denying motion to compel broad financial and corporate records, including "bank records" and "payment disbursement and receipt records," finding them "overbroad" and premature).

RVLock's Motion to Compel is DENIED.[13]

IT IS SO ORDERED.


DATED this 19 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[13] This includes denying RVLock's request for attorney fees and additional depositions at this time. RVLock has not demonstrated a need for additional depositions.