THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Shenzhen Mengdan Technology Co., Ltd., a Chinese Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>RVLock & Co, LLC, a Utah Limited Liability Company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 1:24-cv-00062-HCN-DBP<br><br>District Judge Howard C. Nielson<br><br>Chief Magistrate Judge Dustin B. Pead |
| RVLock & Co, LLC, a Utah Limited Liability Company,<br><br>Counterclaimant,<br><br>v.<br><br>Shenzhen Mengdan Technology Co., Ltd., a Chinese Limited Liability Company, Shenzhen Hanmai Technology Co., Ltd., a Chinese Limited Liability Company; Hanmai Tech. Co., Limited, a Hong Kong Limited Liability Company; and Dongguanshichenchendianzikejiyouxiangongsi, a Chinese Limited Liability Company,<br><br>Counterclaim Defendants. | |

This matter is before the court on Plaintiff and Counterclaim Defendants Shenzhen Mengdan Technology Co., Ltd. et al.'s (Mengdan) motion to extend discovery and request for

leave to amend its final invalidity contentions.[1] Counterclaimant and Defendant RVLock & Co. LLC, moves the court to file a sur-reply to Mengdan's Motion.[2] After considering the parties' memoranda and relevant authority, the court elects to decide the motions based on the written memoranda.[3]

## BACKGROUND

Plaintiff filed this lawsuit seeking a declaratory judgment of non-infringement of the Patent-in-Suit, and declaratory judgment of invalidity of the Patent-in-Suit.[4] The Patent at issue is entitled "Touch Pad Lock Assembly" and was issued July 21, 2015.[5]

Under the operative scheduling order, fact discovery closed on June 27, 2025.[6] Mengdan requests an "additional 45 days" for discovery after the court resolves its motion. Mengdan also requests leave to amend its final invalidity contentions under Local Patent Rule (LPR) 3.4, which provides: "[u]pon a showing of good cause and no unfair prejudice to opposing parties, the court may permit a party to amend its Final Contentions." RVLock argues Mengdan's reply brief raises new issues and therefore requests leave to file a short sur-reply.

## DISCUSSION

The court first addresses whether a sur-reply is warranted in this instance and then addresses Mengdan's requests.

### I.     Motion for Leave to File a Sur-Reply

---

[1] ECF No. 42. Judge Howard Nielson, Jr referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 6.

[2] ECF No. 60.

[3] *See* DUCivR 7-1(g).

[4] Complaint at 2, ECF No. 2.

[5] U.S. Patent No. 9,085,919 (the '919 Patent).

[6] Amended Scheduling Order – Patent Case Pre-Claim Construction at 3, ECF No. 35. Fact discovery spanned approximately eleven months from July 23, 2024, to June 27, 2025. *See* ECF No. 18, 30, 25.

Local Rule 7-1(a)(9) provides "the court will not consider additional memoranda" unless ordered otherwise.[7] "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply."[8]

RVLock argues Plaintiff's reply for the first time, asserts RVLock "failed to produce and/or deliberately concealed records about RVLock's early products."[9] RVLock seeks to correct these alleged misrepresentations via a sur-reply.

The court agrees with RVLocks's arguments. Mengdan does raise issues in reply that are not initially part of its motion. In fact, it is after RVLock points out certain missing information in opposition, that Mengdan then responds for the first time in reply. The court therefore GRANTS RVLock's Motion for Leave to File Sur-Reply. The sur-reply is attached as an exhibit to RVLock's motion and the court will consider it as part of Mengdan's Motion for Extension of Time and Leave to Amend its counterclaims.

## II.     Motion for Extension of Time and Leave to Amend Invalidity Contentions

### (i)     Motion for Extension of Time

Mengdan moves the court to extend discovery by an additional 45 days and seeks leave to amend its final invalidity contentions. Federal Rule 16(b)(4) governs Mengdan's request to extend discovery. This Rule provides a "schedule may be modified only for good cause and with the judge's consent."[10] Courts in this district have held that a party moving to extend discovery

---

[7] DUCivR 7-1(a)(9) (2024).

[8] *Green v. New Mexico*, 420 F.3d 1189, 1196 10th Cir. 2005. *See also Origins Tech, Inc. v. Oak Equity Holdings II, LLC*, No. 2:23-CV-00326-TS-DAO, 2024 WL 22974, at *5 (D. Utah Jan. 2, 2024) (applying standard to a request to file a sur-reply).

[9] RVLock's Motion for Leave to File Sur-Reply at 2, ECF No. 60.

[10] Fed. R. Civ. P. 16(b)(4).

"must explain the discovery to be completed during any extended fact discovery period."[11] Without such an explanation, the court cannot determine whether the party seeking to extend discovery established good cause – i.e. was diligent in pursuing and obtaining discovery during the discovery period.[12]

In its Motion, Plaintiff fails to explain exactly what discovery needs to be completed during the requested extension. Plaintiff complains of discovery response being served less than 18 hours before a deposition that justifies an extension of discovery. Yet, that fact without more does not demonstrate good cause to extend discovery. RVLock notes it was a supplemental response to discovery requests which is permissible and directed under the Federal Rules.[13] Contrary to Mengdan's suggestion, there is no indication RVLock sat on discovery intentionally and purposefully produced it at the eleventh hour. Mengdan's reliance on *City of Moutnain Park, Georgia v. Lakeside at Ansley, LLC*.[14] is unavailing because that matter involved a party's prior conduct that "played a significant role in lengthening the discovery process."[15] That is not the same pattern here.

---

[11] *Boulder Falcon, LLC v. Brown*, No. 222CV00042JNPJCB, 2023 WL 2914343, at *3 (D. Utah Apr. 12, 2023) (collecting cases); *see also Heart v. Ind. Transp., Inc.*, No. 2:15-CV-00058-DN-DBP, 2016 WL 3079710, at *3 (D. Utah May 31, 2016) (denying request to extend the fact discovery deadline because, aside from general assertions about the need for additional discovery, the defendants made "no further effort to explain their request for additional discovery" and did "not propose any particular discovery").

[12] *See Boulder Falcon*, 2023 WL 2914343 at * 3.

[13] *See* Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a) —or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;").

[14] 1:05-CV-2775-CAP, 2008 WL 11334069, at *1 (N.D. Ga. Mar. 19, 2008).

[15] *Id.*

Mengdan's arguments about not rigidly applying the rules are also equally unpersuasive. In short, the court is not persuaded by Mengdan's arguments that discovery should be extended by 45 days.

**(ii)    Motion for Leave to Amend Final Invalidity Contentions**

LPR 3.4 provides the standard for amending final contentions. It provides "Upon a showing of good cause and no unfair prejudice to opposing parties, the court may permit a party to amend its Final Contentions."[16] The questions before the court are, whether Plaintiff can show good cause for its amendment, whether Defendant is prejudiced, and whether the request is made within 14 days of the discovery for the basis of the amendment?

As set forth by the Federal Circuit, to establish good cause, the moving party must first demonstrate diligence in amending its contentions.[17] "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence."[18]

Mengdan's argues it should be granted leave to amend its invalidity contentions to identify the '867 publication and RVLock's earliest generation products. Mengdan asserts its motion was (1) timely because it was filed within four days after the discovery of the '867 publication and (2) was filed within two days of Mengdan's discovery that RVLock sold "products embodying the design of the '867 Publication" something which, RVLock attempted to conceal.[19] Although this is a good start to establishing diligence, timely filing alone is not sufficient. "To establish diligence, the movant must demonstrate not only that it

---

[16] LPR 3.4(b).

[17] See *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.* 467 F.3d 1355, 1368 (Fed. Cir. 2006); *Allvoice Devs. US, LLC v. Microsoft Corp.*, 612 F. App'x 1009, 1015 (Fed. Cir. 2015).

[18] *O2 Micro Int'l Ltd.*, 467 F.3d at 1366.

[19] Counterclaim Defendants' Reply in Support of Motion for Extension of Time at 9, ECF No. 66.

promptly moved to amend its contentions, but also that it was diligent in discovering the basis for its proposed amendment."[20]

RVLock asserts the '867 Publication was "just as accessible to Mengdan as it was to RVLock" because it was published by the United States Patent and Trademark Office and referenced on the face of both patents-in-suit.[21] Plaintiff avers it has been diligent in discovery, yet fails to adequately address the fact that the '867 Publication has been available and could have been discovered earlier. Plaintiff's alleged diligence in discovery is insufficient to explain the delay in discovering the '867 Publication.

Next, Plaintiff points to RVLock's V1, V2 and V3 products and RVLock's failure to produce any records as to these products as a basis for amending its contentions. In response, RVLock asserts those products are not covered by the claims-in-suit because they did not include an integrated keypad and they were not responsive of Mengdaan's discovery requests. The court agrees that Mengdan has not pointed to any discovery request that encompassed the keypad product or the V3 product. Once again, the information regarding the products was also available to Mengdan, such as on RVLock's website. Mengdan provides no persuasive reasoning why it was not diligent in finding the information.

Thus, Mengdan's arguments for amending its contentions fail.

**ORDER**

For the reasons set forth above,

---

[20] *Williamson on behalf of for* at *Home Bondholders' Liquidating Tr. v. Verizon Commc'ns Inc.*, 2013 WL 12313349, at *2 (S.D.N.Y. Aug. 12, 2013) (citing *West v. Jewelry Innovations*, 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008)).

[21] RVLock & Co. LLC's Memorandum in Opposition to Plaintiff's Motion to Extend Discovery and to Permit Amended to Final Invalidity Contentions at 3, ECF No. 52 (Opposition).

Mengdan's Motion for Extension of Time and Motion to Amend its Final Invalidity Contentions are DENIED.

RVLock's Motion for Leave to File a Sur-Reply is GRANTED.

IT IS SO ORDERED.

DATED this 19 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge